UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAROLYNNE C FABRY, *et al*, § § § Plaintiffs, § VS. § ROSEMARY CARRICO, *et al*, § § § Defendants. § | CIVIL ACTION NO. 4:12-CV-3751 |

## OPINION AND ORDER

Pending before the Court is the Motion to Remand (Doc. 9) filed by Bernard T. Halloran in his capacity as temporary trustee of the Helen M. Carrico 1996 Family Trust, the Motion to Remand (Doc. 10), filed by Carolynne Fabry in her capacity as trustee of the Helen M. Carrico 1995 Family Living Trust (collectively, "Plaintiffs"), the Motion to Remand (Doc. 13) filed by Carolynne Fabry in her individual capacity, and the Motion to Remand (Doc. 15) filed by Phyllis Carrico, Carl C. Carrico, III, Tom Carrico, and Helen Ann Gebhart.

Also before the Court is Defendant Rosemary Carrico's Response (Doc. 25) and the replies thereto (Doc. 28 and Doc. 29); as well as Rosemary Carrico's Motions to Strike (Doc. 31) and to Amend Notice of Removal (Doc. 24), the Order granting both motions (Doc. 53) issued by Judge Stacy, the Amended Notice of Removal (Doc. 24) and Supplement thereto (Doc. 49). After careful consideration of the facts, procedural background, notices, motions, responses, and replies of all the parties, the Court finds that it lacks removal jurisdiction and therefore remands the case to the state court for further proceedings on the merits.

**I.     Background**

This matter concerns two trusts created by the late Helen M. Carrico (mother to

Carolynne Fabry and grandmother to Rosemary Carrico's late husband, David) and a three-fourths interest in the mineral estate of a large acreage located in Frio County, Texas which she owned prior to creating the trusts. Plaintiffs' Original Petition, filed in the 434th Judicial District of Fort Bend County, Texas on November 19, 2012, is essentially a declaratory relief action seeking construction or reformation of a 1996 deed which conveyed certain mineral interests (the "disputed mineral estate") between the two trust instruments. (Original Pet. ¶ 14, Doc. 1-5). The petition named as defendants Rosemary Carrico ("Rosemary"); Carolynne Fabry, in her individual capacity ("Carolynne"); and interested parties from Minnesota: Phyllis Carrico, Carl C. Carrico, III, Tom Carrico and Helen Ann Gebhart (collectively the "Minnesota Defendants"). (Doc. 1-5 at 1). In the state court petition, Halloran is listed as a resident of Houston, Texas, Carolynne as a "United States citizen and resident of France," Rosemary as resident of Florida, and the Minnesota Defendants as residents of Minnesota. (Doc. 1-5 ¶¶ 2-9).

On December 28, 2012, Rosemary filed her Notice of Removal based on diversity of citizenship of the parties once "properly aligned." (Doc. 1 at 6). Rosemary argued that Carolynne and the Minnesota Defendants "should be realigned as plaintiffs, leaving complete diversity between [Rosemary] and the other parties." (Doc. 1 at 10). Thereafter, the Plaintiffs each filed Motions to Remand arguing that (1) all named defendants are properly aligned and necessary parties; (2) Carolynne, as a United States citizen domiciled in France, cannot be subject to diverse citizenship as a matter of law; and (3) removal is improper because all named defendants have not consented to the removal. (Docs. 9 and 10). Similar arguments were made in Carolynne's Motion to Remand (Doc. 13) filed in her individual capacity. The Minnesota Defendants also filed a Motion to Remand (Doc. 15) arguing that they were rightful parties to the action, were properly aligned, and that they had not consented to removal.

Rosemary filed her collective Response (Doc. 25) to three of the four pending motions.[1] Rosemary argued that Carolynne's citizenship should be disregarded because she is improperly joined, she is merely a nominal party to the action, and because she, in her representative capacity, "cannot sue herself" in her individual capacity. (Doc. 25 at 14-15.) She further argued that the Minnesota Defendants' citizenship should be disregarded because they do not have a present interest in the disputed mineral estate, no cause of action has been asserted against them by the Plaintiffs, and they are not properly aligned. (Doc. 25 at 15-17.) Since these motions were filed, various motions, counterclaims, crossclaims, and third party complaints have ensued. Before the case can proceed, the Court must first determine if it has subject matter jurisdiction over the action.

**II.    Legal Standard**

Under 28 U.S.C. § 1441, removal from state court is proper only for civil actions that "originally could have been filed in federal court." *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 924 (5th Cir. 1997). This original jurisdiction must be based on either diversity of citizenship or existence of a federal question. *Id.* On a motion to remand, the burden lies with the removing party to establish that one of these bases of jurisdiction exists. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Determination of such jurisdiction is made according to the state court complaint at the time of removal, construing all ambiguities in favor of remand. *Id.* Where diversity is the sole basis for removal to federal court, the removing party must show that true diversity exists, and that all defendants, properly joined, have consented to the removal. 28 U.S.C. § 1446(b)(2)(A). Citizenship and domicile of

---

[1] Rosemary's Response to Motions to Remand (Doc. 25) makes no mention of the motion filed by Carolynne Fabry in her individual capacity (Doc. 13) on January 25, 2013.

an improperly joined party are totally disregarded in determining the court's subject matter jurisdiction. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2003).

28 U.S.C. § 1332 establishes federal jurisdiction in diversity suits, and it is well settled that diversity jurisdiction extends only to controversies where diversity of citizenship is complete. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *Riebe v. Nat'l Loan Investors, L.P.*, 828 F.Supp. 453, 455 (N.D. Tex. 1993). Defendants in an action to which a citizen of the United States who resides in another country is a party must also consider whether all parties are truly citizens of a state, not merely citizens of the United States.

> "The range of actions involving Americans over which the federal courts have diversity of citizenship jurisdiction is described in Section 1332(a) of Title 28 of the United States Code as being between citizens of different states or between citizens of states and citizens or subjects of foreign states. Consequently, it is not sufficient for diversity purposes that a party be a citizen of the United States . . . . [A] party *also must be a citizen of one of the states* of the United States . . . ."

13E Charles Alan Wright et al., *Federal Practice and Procedure* § 3621 (3d ed. 1998) (emphasis added); *see also Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) ("An American national, living abroad, cannot sue or be sued in federal court under diversity jurisdiction, 28 U.S.C. § 1332, unless that party is a citizen, i.e. domiciled, in a particular state of the United States.") (citing 1 J. Moore, *Moore's Federal Practice* § 0.74[4] (1996)).

### III.   Discussion

Rosemary contends that removal of this case is proper based on diversity jurisdiction. The determination of whether diversity jurisdiction exists here requires an analysis of two issues: (i) whether Carolynne is a proper party to the suit; and (ii) whether Carolynne is a stateless

United States citizen domiciled in France.[2]  The Court addresses each issue in turn.

### A.	*Improper Joinder*

In her Notice of Removal, Rosemary argues that Carolynne is improperly joined as a defendant because she would be the ultimate beneficiary of the claims if the Plaintiffs prevail. (Doc. 1 at 8).  She further argues in her Amended Notice of Removal that Rosemary is improperly joined as a plaintiff because the Helen M. Carrico 1995 Family Living Trust is no longer in existence, and even if it were, Carolynne has been irrevocably removed as a trustee. (Doc. 24 at 5-6).  In Carolynne's Motion to Remand, she counters that as a trust beneficiary, she is a necessary party under Tex. Prop. Code Ann. § 115.011.  (Doc. 29 at 6-7.)

The defendant seeking removal has the burden to prove that joinder was improper. *Smallwood*, 385 F.3d at 572.  A defendant may make this showing by demonstrating either (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against a non-diverse party in state court.  *Id.* at 573.  Since Rosemary has not alleged actual fraud in the Plaintiffs' pleading of jurisdictional facts, the Court will examine whether the Plaintiffs may establish a cause of action against Carolynne (the non-diverse party here) in state court.  In order to make such a determination, a court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law" against the non-diverse party.  *Id.*  Because the Plaintiffs' state court petition does not make allegations, but instead states a claim for declaratory relief, the Court expands its analysis to ascertain whether or not Carolynne is a proper party to the state court claims.

---

[2] Despite thorough briefing on the issues of improper joinder of the Minnesota Defendants (who have not consented to removal) and the proper alignment of the parties, those issues are secondary and not determinative here.

The present action is brought under Chapter 115 of the Texas Property Code, governing the jurisdiction, venue, and proceedings of ". . . all proceedings concerning trusts . . ." Tex. Prop. Code Ann. § 115.001(a).  Section 115.011 provides, "*Any interested person* may bring an action under . . . this Act. . . . The only necessary parties to such an action are: (1) a beneficiary of the trust on whose act or obligation the action is predicated; (2) a beneficiary of the trust designated by name, other than a beneficiary whose interest has been distributed, extinguished, terminated, or paid; (3) a person who is actually receiving distributions from the trust estate at the time the action is filed; and (4) the trustee, if a trustee is serving at the time the action is filed." *Id.* § 115.011 (emphasis supplied).

At the very least, Carolynne is an "interested person," which brings her within the purview of the statute and entitles her to bring the action.  *See id.* §115.011(a).  Rosemary's Amended Notice of Removal concedes that Carolynne was a beneficiary under the Helen M. Carrico 1995 Family Living Trust (Doc. 24 at 8), which would make her a necessary party to the action under Section 115.011(b).  In either instance, she is properly joined.  While the ability of Carolynne to serve as a trustee or to be listed on both sides of the complaint are disputed, she has an interest in the claim and is properly included on at least one side of this action.  Therefore, without reaching the question of whether Carolynne is properly aligned, the Court proceeds to examine Carolynne's citizenship and domicile for the purpose of establishing complete diversity.

### B. *Complete Diversity*

According to the state court complaint, upon which this Court must rely in its analysis of diversity, Carolynne is a "United States citizen and resident of France."  (Doc. 1-5 ¶ 3).  In the Supplement to her Amended Notice of Removal, Rosemary argues that Carolynne is also

6 / 10

domiciled in Texas for purposes of diversity citizenship. (Doc. 49 at 1-2). Whether or not Carolynne is domiciled in Texas will determine if she can be subject to diversity jurisdiction. Fifth Circuit precedent makes clear that a United States citizen domiciled in another country with no domicile in the United States is stateless for purposes of diversity jurisdiction. *Coury*, 85 F.3d at 249-50 ("[I]t has been held consistently that a diversity suit may not be maintained under 28 U.S.C. § 1332(a)(1) by or against a United States citizen who is domiciled in a foreign country . . . ."). However, "diversity jurisdiction may be properly invoked . . . when a dual citizen's domicile, and thus his citizenship, is in a state diverse from that of adverse parties." *Id.* at 250.

The essential elements of domicile for diversity jurisdiction purposes are "[r]esidence in fact, and the intention of making the place of residence one's home." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). Courts look to a variety of factors in order to ascertain an individual's domicile. *See Knapp v. State Farm Ins.*, 584 F. Supp. 905, 907 (E.D. La. 1984) (listing factors taken into consideration when evaluating domicile including, voting registry and practices, location of personal and real property, location of brokerage and bank accounts, membership in unions or other organizations, place of employment, automobile registration and payment of taxes, among others).

Weighing the factors from *Knapp* and considering the Fifth Circuit's "essential elements of domicile" from *Stine*, the Court finds that Carolynne is domiciled only in France and not in Texas. According to the details of Carolynne's declaration, she began her residency in France in 1977, over thirty-five years ago. (Dec. of Carolynne Fabry ¶ 3, Doc. 11-1). Before 1980, she formed the intention to remain in France permanently. (Doc. 11-1 ¶ 8). Since that time, Carolynne married, raised a family, works, and continues to make her home in France. (Doc. 11-

1 ¶¶ 5-7). In 1989, she purchased the home in France in which she and her family reside as their permanent residence. (Doc. 11-1 ¶ 6). In 1995, Carolynne became a French citizen and she has since maintained dual citizenship with France and the United States. (Doc. 11-1 ¶ 4). She votes in France and is very active in politics and political parties there. (Doc. 11-1 ¶ 9). The majority of her personal property and banking relationships are in France. (Doc. 11-1 ¶ 10).

 Carolynne's activities in the United States are limited and are primarily conducted as a United States citizen residing in France. For example, she votes occasionally in United States elections by absentee ballot as a United States citizen residing in France. (Doc. 11-1 ¶ 9.) Also, she pays taxes in the United States and maintains her French address on file with the United States Internal Revenue Service. (Doc. 11-1 ¶ 10-11.) Carolynne owns real and person property in Texas, including a portion of the acreage that is the subject of this action, and also brokerage and security accounts in Houston, in which she placed assets inherited from her mother. (Doc. 11-1 ¶ 10.) Carolynne also holds a Texas driver's license, the key fact upon which Rosemary hangs her entire argument for establishing diversity jurisdiction.[3] (Doc. 49 at 1-2). Carolynne has not, however, owned a vehicle in the United States since 1972. (Doc. 11-1 ¶ 12). Further, she has not owned or rented any place of residence in the United States since 1972. (Doc. 11-1 ¶ 4). Carolynne travels to the United States once or twice per year, primarily to Houston, where her mother lived until 1996 and her parents are buried. (Doc. 11-1 ¶ 10). Carolynne's mother lived with her in France from 1996 until her death in 2000. (Doc. 11-1 ¶ 10).

---

[3] Texas Transportation Code section 521.4126(a) requires that "[t]he department may not issue a driver's license . . . to a person who has not established a domicile in this state." Rosemary claims Carolynne, fully aware of this requirement, certified that she was a domiciled in Texas in order to receive a driver's license. Rosemary further asserts that Carolynne is estopped from denying her Texas domicile in light of the driver's license application. The Court does not find this persuasive. The single fact of maintaining a Texas driver's license does not outweigh those factors establishing her domicile in France.

Under the totality of the circumstances, the Court does not find Carolynne's Texas driver's license or her ownership of property in Texas to be sufficient evidence of an intention to make Texas her permanent home. To the contrary, the overwhelming evidence shows that France is her residence in fact, and her intention is to remain there. Her activities in the United States are limited and conducted as a citizen living abroad. As such, they do not indicate domicile in a particular state. Accordingly, the Court finds that Carolynne is a stateless United States citizen domiciled in France. Diversity does not exist in this case, the Court does not have subject matter jurisdiction, and the removal was improper.

## IV.    Attorney Fees

Carolynne seeks to recover her just costs and actual expenses, including reasonable attorney fees, incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). Under § 1447(c), "[a]n order remanding the case may require payment of costs and any actual expenses, including attorney fees, incurred as a result of the removal." Wide discretion is given to the trial court in assessing these expenses on a removing party following remand. *Penrod Drilling Corp. v. Granite State Ins. Co.*, 764 F. Supp. 1146, 1147 (S.D. Tex. 1990). Courts generally consider whether the removing party had an objectively reasonable basis to believe that the removal was legally proper at the time of removal. *Valdes v. Wal-Mart Stores, Inc.* 199 F.3d 290, 292 (5th Cir. 2000). Although removal of the case was not proper, Rosemary's arguments were objectively reasonable. Accordingly, award of attorney fees and expenses is not warranted.

## V.    Conclusion

For the foregoing reasons, it is hereby **ORDERED** that the case is to be remanded to the

state court for further proceedings on the merits.

The Clerk shall mail a certified copy of this Order of Remand to the Clerk of the 434th Judicial District of Fort Bend County, Texas as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

All other pending motions are **MOOT**.

SIGNED at Houston, Texas, this 11th day of September, 2013.

                                          MELINDA HARMON
                                   UNITED STATES DISTRICT JUDGE